IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAVID VON BROWN,

       Petitioner,

v.                                                    No. 1:21-cv-01099-JDB-jay

MIKE PARRIS,

       Respondent.


ORDER DIRECTING CLERK TO MODIFY DOCKET,
GRANTING MOTION TO DISMISS,
DISMISSING § 2254 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS


Petitioner, David Von Brown, has filed a pro se habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254.  (Docket Entry ("D.E.") 1.)  Before the Court is the motion of Respondent, Mike Parris,[1] to dismiss the Petition as untimely.  (D.E. 12.)  For the following reasons, the motion is GRANTED.

BACKGROUND

In 2016, Petitioner was convicted by a Madison County, Tennessee jury of possession of .5 grams or more of cocaine with intent to sell; possession of .5 grams or more of cocaine with intent to deliver; two counts of possession of a firearm during the commission of a dangerous felony; two counts of possession of a firearm during commission of a dangerous felony by one

---

[1] The Clerk is DIRECTED to modify the docket to reflect Mike Parris as Respondent.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Fed. R. Civ. P. 25(d).

having a prior felony conviction; and one count of being a felon in possession of a firearm. *State v. Brown*, No. W2017-00220-CCA-R3-CD, 2018 WL 1603044, at *1 (Tenn. Crim. App. Mar. 29, 2018), *perm. appeal denied* (Tenn. July 19, 2018). Brown was sentenced to seventeen years' incarceration. *Id.* The Tennessee Supreme Court denied permission to appeal on July 19, 2018. (D.E. 10-16.)

Petitioner filed a pro se petition for post-conviction relief on July 19, 2019. (ECF No. 10-17 at PageID 841.) The post-conviction trial court denied relief and the Tennessee Court of Criminal Appeals affirmed. *Von Brown v. State*, No. W2019-02181-CCA-R3-PC, 2020 WL 5507877, at *1 (Tenn. Crim. App. Sept. 11, 2020), *perm. appeal denied* (Jan. 14, 2021).[2] The Tennessee Supreme Court denied permission to appeal on January 14, 2021. (ECF No. 10-25.)

DISCUSSION

Brown filed the Petition in June 2021. He claims ineffective assistance of counsel and challenges evidence submitted at trial. On September 3, 2021, Respondent filed the state court record, a motion to dismiss the Petition as untimely, and a memorandum in support of the motion. (D.E. 10, 12, 12-1.) He argues that the Petition was filed more than sixty days beyond the expiration of the limitations period and that nothing in Petitioner's submissions suggests that he is entitled to equitable tolling. Brown did not file a reply, although allowed to do so. (*See* D.E. 7 at PageID 68.)

---

[2] Petitioner's last name is recorded in the Westlaw citation to the post-conviction appellate decision as "Von Brown." *See Von Brown*, 2020 WL 5507877, at *1. However, in the direct appeal and in the records of the Tennessee Department of Corrections his surname is shown as "Brown." *See Brown*, 2018 WL 1603044, at *1; https://apps.tn.gov/foil/results.jsp (last accessed April 22, 2022). The Court will therefore refer to Petitioner as Brown.

2

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]"  28 U.S.C. § 2244(d)(2).  The time bar is also subject to equitable tolling where the petitioner demonstrates "that he has been pursuing his rights diligently[] and . . . that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

The limitations period may also be "overcome" through a "gateway" claim of actual innocence.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of ... new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

3

In this matter, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Brown's convictions became final. Petitioner appealed his conviction to the Tennessee Supreme Court but did not seek review before the United States Supreme Court. His conviction thus became final when the time for appealing to the United States Supreme Court expired, which was ninety days after the Tennessee Supreme Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) ("[T]he one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired."); Sup. Ct. R. 13 (a criminal defendant has ninety days following entry of judgment by the "state court of last resort" in which to file a petition for writ of certiorari). Permission to appeal was denied on July 19, 2018, and ninety days from that date was Wednesday October 17, 2018.

The limitations "clock" began to run the next day, *see Bronaugh*, 235 F.3d at 284, and was statutorily tolled from July 19, 2019, the day Petitioner filed his state post-conviction petition, until January 14, 2021, the day the Tennessee Supreme Court denied permission to appeal. At that point, ninety-one days remained in the limitations period. The "clock" resumed ticking on January 15, 2021, and expired on April 16, 2021.

Brown filed the Petition on June 23, 2021, the day he submitted the pleading to prison authorities for mailing. *See Goins v. Sanders*, 206 F. App'x 497, n.1 (6th Cir. 2006) (per curiam) (citing *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988)) (prison mailbox rule applies to federal habeas petitions). The pleading was therefore submitted sixty-eight days late. The inmate has not offered any reason why he filed the Petition after the expiration of the limitations period. He also

has not asserted a gateway claim of actual innocence. The motion to dismiss is therefore GRANTED. The Petition is DISMISSED as untimely.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Brown does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would

not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore DENIED.[3]

IT IS SO ORDERED this 25th day of April 2022.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.